"(1) That said bankrupt concealed or failed to have kept books of account or records from which his financial condition might be ascertained." Godshalk v. Sterling, 129 Fed. 580, 64 C. C. A. 148.

"(2) That, while under examination under oath before the referee, he failed to show what he did or had done with money which he alleged to have borrowed from his sister-in-law, Anna Rodrock Randall. * * * "

The referee is therefore directed to hear the objections thus quoted, and report thereon at his early convenience.

I note, also, that the specifications are verified, not by the objecting creditor himself, but by his counsel, without explanation of the reason why the oath is not taken by the party directly in interest. This is contrary to our practice (Re Milgraum & Ost [D. C.] 129 Fed. 828); but, as the bankrupt is apparently content to meet the specifications in their present form, I shall pass the matter by, merely adding that the inaction of the court must not be regarded as equivalent to approval.

---

In re WOLF.

(District Court, E. D. Pennsylvania. February 20, 1908.)

No. 2,945.

BANKRUPTCY—DISCHARGE—OBJECTIONS—LARCENY BY BANKRUPT.

> Under Bankr. Act July 1, 1898, c. 541, § 14, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427] prescribing the grounds on which a bankrupt's discharge may be denied, a creditor cannot procure such denial, because of the alleged offense of larceny or larceny as bailee committed by the bankrupt against the objecting creditor more than a year before the petition was filed.

In Bankruptcy. On motion to dismiss specifications of objection to discharge.

Weaver & Drake, for bankrupt.

A. E. Peterson, for objecting creditor.

J. B. McPHERSON, District Judge. The specifications in question are as follows:

"(1) That the said Martin L. Wolf, on the 11th day of December, 1899, was in possession as bailee of 10 barrels of Rosemont whisky belonging to the undersigned, which was to be delivered on demand: the same having been purchased on that date by him from the said Martin L. Wolf for the sum of $1,007.

"(2) That demand was made upon the said Martin L. Wolf, bankrupt, for the said 10 barrels of Rosemont whisky March 15, 1904, February 21, 1906, March 8, 1906, and August 18, 1906, and at divers other times since, and many times before, said first-mentioned date; but the said Martin L. Wolf has always failed and refused, and does still fail and refuse, to deliver the same or any part thereof.

"(3) That protestant has been informed and believes that the said Martin L. Wolf has converted the said 10 barrels of Rosemont whisky to his own use, for which an indictment is now pending in the court of quarter sessions of the peace for the county of Philadelphia, of October sessions, 1906, No. 391."

In these specifications the objecting creditor charges the bankrupt with the offense of larceny as bailee, committed at some time between March, 1904, and August 18, 1906. Inspection of the indictment re-

ferred to shows that the charge therein is larceny; but for present purposes the variance is immaterial.

The dilemma that confronts the creditor is this: Either (1) his claim will not be affected by a discharge, because the debt was created by the bankrupt's "fraud, embezzlement, misappropriation or defalcation while acting * * * in any fiduciary capacity" (Act July, 1, 1898, c. 541, § 17a (4), 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]), and if this is the situation, and the debt will not be affected, he has evidently no interest in the proceeding, and therefore no standing to file objections; or (2) his debt will be extinguished by the discharge, and in that event, while he has a right to file such specifications as he may see proper, he must take care to present some objection that is recognized by section 14 as a valid reason for refusing the discharge. That section requires the court to grant the bankrupt's application unless one or more of six specified grounds for refusal shall be made to appear; and an examination of these statutory grounds will show plainly that none of them includes the offense of larceny, or larceny as bailee, committed by a bankrupt against an objecting creditor more than a year before the petition was filed.

The specifications must therefore be dismissed as insufficient.

---

In re UNITED STATES GRAPHITE CO.

(District Court, E. D. Pennsylvania. February 10; 1908.)

No. 2,865.

BANKRUPTCY—ADMINISTRATION OF ESTATE—BOOKS OF THIRD PERSON—EXAMINATION.

> Where the P. Co. was a party to an inquiry before a referee in bankruptcy concerning an alleged fraud between the P. Co. and the bankrupt's estate, the P. Co., in response to a subpœna for that purpose, was required to produce its minute book, which probably contained entries with reference to the question under investigation and to permit an examination thereof by counsel for the adverse party.

In Bankruptcy. On certified question of referee.

I, George M. Rupert, referee as aforesaid, do hereby certify that in the course of proceedings had before me in the above-stated matter the following question arose pertinent to the proceeding: "Whether or not the minute book of the Pennsylvania Graphite Company should be directed to be put in the hands of James G. Gordon, Esq., for examination thereof." And the said question is certified to the judge for his opinion thereon.

James Gay Gordon, for creditors.

Alexander Simpson and Charles H. Edmunds, for Pennsylvania Graphite Co.

HOLLAND, District Judge. This is a question certified to the court by George M. Rupert, Esq., referee in the above-mentioned matter. The question is whether or not the minute book of the Pennsylvania Graphite Company should be directed to be put in the hands of James G. Gordon, Esq., for an examination thereof. The referee is engaged in making inquiry as to an alleged fraud between the Pennsylvania